LABAN G. HOPKINS, RESPONDENT, *v.* STEPHEN T. HOPKINS AND OTHERS, APPELLANTS.

*Answer — a motion to make it more definite and certain — must be decided upon an examination of the answer — a reference to ascertain facts cannot be ordered — General Rule, No. 22.*

APPEAL from an order made at a Special Term, ordering a reference to take proof of certain matters hereinafter referred to.

This action was commenced in April, 1882, for the partition or sale of certain lands in Greene county.

May eighth, the defendants Stephen T. and Mary W. Hopkins, by separate answers, set up the commencement of a prior action by the defendant Stephen T. for the partition of the same property. Afterward the plaintiff moved at Special Term, as upon a default of all the defendants to answer, for judgment and the usual reference as to title.

This motion for judgment was denied, the judge holding the matters set up in the answers were a bar to the action.

Afterwards, on the twenty-second of June, upon the same papers used on his former motion for judgment — that is, the summons and complaint and proofs of service and affidavit of regularity, and defendants' answers and proofs of service, and no other papers, except the order on the former motion — the plaintiff moved that the answers of said defendants Stephen T. and Mary W. be made more definite and certain.

Upon these facts and the notice of motion that the defendants be required to make their answers "more definite and certain by stating how, when and where the actions therein referred to were commenced," the order appealed from was made as follows:

" That it be referred to A. M. Murphy, Esq., to take proofs and ascertain when, how and upon whom and by whom the summons and complaint in the alleged action commenced by Stephen T. Hopkins were served; and that said referee report such proof to the court," etc. " That said motion stand over until the coming in of said report; and that on the coming in thereof said motion may be brought on."

The court at General Term said : "A motion to make the answer more definite and certain needs only an examination of the answer. No reference is needed or proper for the purpose of taking proof of facts.  Suppose the referee in this case should report that the summons and complaint in the action, alleged to have been commenced by Stephen T. Hopkins, had never been served, such a report would not enable the court to decide whether or not the defendants' answers should be made more definite and certain.  It might shed some light on the truth or falsity of the answers; but none on their definiteness or indefiniteness.

" The answers distinctly aver a pending action commenced by the defendant before the commencement of the present action.  If the learned justice thought that good pleading required a statement in the answers of the time when such prior action was commenced, he could have so ordered without any reference.

We may notice also Rule 22 limiting the time for making such a motion as this.

" We think that the order of reference should be reversed, with ten dollars costs and printing disbursements, and the motion denied, with ten dollars costs.

*William H. Gibson,* for the appellant, Stephen T. Hopkins.

*Griswold & Cromwell,* for the appellant, Mary W. Hopkins.

*J. I. Werner,* for the respondent.

Opinion by the Court.

Present — LEARNED, P. J., BOARDMAN and BOOKES, JJ.

Order of reference reversed, with ten dollars costs and printing disbursements, and motion denied, with ten dollars costs.